UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JACOB LEE AUKER,            :

              Plaintiff       :  No. 3:CV-12-1016

             v.            :  (Judge Nealon)

JUNIATA COUNTY PRISON, et al.,  :

           Defendants   :

**FILED**
**SCRANTON**

JUL 16 2012

PER _____ _____
DEPUTY CLERK

**MEMORANDUM**

**BACKGROUND**

Plaintiff, an inmate at the State Correctional Institution, Camp Hill, Pennsylvania, ("SCI-Camp Hill), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Along with the filing of his complaint, Plaintiff has submitted an application requesting leave to proceed in forma pauperis under 28 U.S.C. § 1915. (Doc. 2). Named as Defendants are the Juniata County Prison and the Juniata County Prison Medical Department. For the reasons set forth below, the instant complaint will be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff will be given an opportunity to file an amended complaint.[1]

In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). The court must accept as true the factual allegations in the complaint and

---

[1]Section 1915(e)(2) provides that:
(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

construe any inferences to be drawn from the allegations in the plaintiff's favor. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Detailed factual allegations are not required, but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Additionally, factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[M]ore than labels and conclusions" are required. Twombly, 550 U.S. at 555.

**Factual Allegations**

Plaintiff states that he has been complaining of arm pain from October 27, 2011, through April 16, 2012, and the Juniata County Medical staff has failed to address his concerns, provide him with appropriate medication, or permit him to attend doctor appointments or physical therapy. (Doc. 1, complaint). Plaintiff alleges that on April 4, 2012, he "went to Perry County and when it came to medication time they said Juniata County didn't send no meds with [him] so [he] was in pain for 2 days." Id. On April 16, 2012, Plaintiff "wrote communication form to Warden Teresa O'Neal saying that the medical staff has broken [his] 8th Amendment and disobeying Doctor Copeland's orders on getting [him] to [his] appointments and [his] physical therapy." Id. Plaintiff claims that Warden O'Neal responded that "[his] medical condition and concerns continue to be reviewed and addressed by medical staff." Id. Plaintiff claims that "now they sent me to state prison cause they say I can get medical treatments here, which I'm not getting, so they put their problem on Camp Hill medical staff." Id. Plaintiff filed the instant action seeking " to have them pay for [his] doctor bills and [his] reoperation on [his] arm." Id.

-2-

**Discussion**

A plaintiff, in order to state a viable § 1983 claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990). A prison or correctional facility is also not a "person" within the meaning of § 1983. See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973); Philogene v. Adams County Prison, Civ. No. 97-0043, slip op. at p. 4 (M.D. Pa. Jan. 30, 1997) (Rambo, C.J.); Sponsler v. Berks County Prison, 1995 WL 92370, *1 (E.D. Pa. 1995); see also Thompson v. Burke, 556 F.2d 231, 232 (3d Cir. 1977) (finding Parole Board could not be sued because it is not a person within the meaning of § 1983). It has been similarly recognized that a department within a prison "may not be sued under 42 U.S.C. § 1983 since it is not a person." Fischer, 474 F.2d at 992.; see also Thompkins v. Jane Doe, No. 99-3941, slip op. at 2-3 (3d Cir. March 16, 2000); Stanley v. Delaware Co. Medical Dept., 1991 WL 29928, *1 (E.D. Pa. 1991) (concluding that the prison medical department is clearly not a person for purposes of § 1983).

Furthermore, a § 1983 action brought against a "State and its Board of Corrections is barred by the Eleventh Amendment unless [the State] has consented to the filing of such a suit." Alabama v. Pugh, 438 U.S. 781, 782 (1978).

Pursuant to the above standards, the Juniata County Prison and the Juniata County Prison Medical Department are not persons and may not be sued under § 1983. Thus, by naming only the Juniata County Prison and the Juniata County Prison Medical Department, Plaintiff has failed to

allege that a person acting under color of state law violated his constitutional rights, and has, therefore, failed to set forth a cognizable claim under 42 U.S.C. § 1983. See Burgess v. SCI-Medical Facility, Civ. No. 96-0636, slip. op. at p. 2 (M.D. Pa. May 9, 1996) (Vanaskie, J.). Accordingly, these Defendants will be dismissed.

In the context of medical care, the relevant inquiry is whether defendants were: (1) deliberately indifferent (the subjective element) to (2) plaintiff's serious medical needs (the objective element). Monmouth County Correctional Institution Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987). The plaintiff must meet these requirements. Here, Plaintiff has failed to specifically identify a named Defendant and indicate how such Defendant was deliberately indifferent to his medical needs, and more importantly, to what serious medical need was he indifferent.

Nevertheless, Plaintiff will be permitted to file an amended complaint sufficiently describing any Defendant's personal involvement in the alleged misdeed. See FED. R. CIV. P. 15 (stating that an amended complaint may be filed once as of right before an answer is filed). It is necessary and important to allow Plaintiff to amend his complaint so that the issues raised in this litigation may be decided fully on their merits. See Weaver v. Wilcox, 650 F.2d 22, 27-28 (3d Cir. 1981); Kauffman v. Moss, 420 F.2d 1270, 1275-76 (3d Cir.), cert. denied, 400 U.S. 846 (1970). Plaintiff's conclusory claims of denial of medical treatment may be amended under penalty of dismissal. If no proper amended complaint is filed within the prescribed time, this action may be dismissed.

The amended complaint "must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp.

-4-

1185, 1198.  Federal Rule of Civil Procedure 8(a) requires that a complaint consist of a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) one or more claims showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.  The short, plain, and concise statement of claim must " 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Leatherman v. Tarrant County Narcotics Unit, 113 S.Ct. 1160, 1163 (1993) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

      A separate Order will be issued.

Dated: July 16, 2012

_____
**United States District Judge**